# MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO
LAWRENCE S. BADER
BARRY A. BOHRER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
STEPHEN M. JURIS
JUDITH L. MOGUL
ROBERT G. MORVILLO
BARBARA MOSES*
JODI MISHER PEIKIN
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
JOHN J. TIGUE, JR.
BARBARA L. TRENCHER***
CYRUS R. VANCE, JR.
RICHARD D WEINBERG

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN ILLINOIS

565 FIFTH AVENUE
NEW YORK, N.Y. 10017

TELEPHONE
(212) 856-9600

www.maglaw.com

FACSIMILE
(212) 856-9494

WRITER'S DIRECT DIAL
(212) 880-9450
jtigue@maglaw.com

COUNSEL
CHRISTOPHER J. MORVILLO
E. SCOTT MORVILLO
GREGORY MORVILLO

SENIOR ATTORNEY
THOMAS M. KEANE

MICHAEL C. SILBERBERG
1940-2002

**MEMO ENDORSED**

August 12, 2008

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED:

**BY FEDERAL EXPRESS**

The Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:   United States v. Peter Arest, 08 Cr. 214

Dear Judge Karas:

As Your Honor is aware, we represent Mr. Arest in the above-captioned matter. Mr. Arest pleaded guilty to the offense of tax evasion, and on July 18, 2008, was sentenced to a split sentence of five months imprisonment, a two year period of supervised release with a condition of five months home confinement and a $30,000 fine. We respectfully request that the Court include in the Judgment in this case a recommendation that the Bureau of Prisons designate the Brooklyn Community Correction Center ("CCC")[1] as the place that Mr. Arest will serve his term of imprisonment.[2] As set forth below, we believe that such a designation would be appropriate

---

[1] CCCs are also known as Residential Re-entry Centers ("RRCs").

[2] At sentencing, we requested that the Court include in its Judgment a recommendation that Mr. Arest be designated to the BOP's facility in Otisville, New York. We now request that the Court recommend Otisville as an alternative, if the BOP does not designate Mr. Arest to a CCC.

**MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.**

Honorable Kenneth M. Karas
August 12, 2008
Page 2 of 4

and would meet the mandate of section 3553(a) without upsetting the deterrence value of the sentence that this Court imposed.

As set forth in section 3621(b) of Title 18, the Bureau of Prisons ("BOP") is required to make an individualized determination of the appropriate facility for each inmate. In making that determination, the BOP must consider: (1) "the resources of the facility contemplated;" (2) "the nature and circumstances of the offense;" (3) "the history and characteristics of the prisoner;" (4) "any statement by the court that imposed the sentence . . . concerning the purpose for which the sentence of imprisonment was determined to be warranted; or . . . recommending a type of penal or correctional facility as appropriate; and" (5) "any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28." 18 U.S.C. § 3621(b).

Although the BOP sought, in the past, to restrict the circumstances in which a defendant could be designated to a CCC, it is now well-settled that the BOP must consider designation to a CCC in the course of applying the section 3621(b) factors. See Levine v. Apker, 455 F.3d 71, 87 (2d Cir. 2006) (striking down regulations promulgated by the BOP that restricted situations in which a defendant could be designated to a CCC as inconsistent with the statute); see also Wedelstedt v. Wiley, 477 F.3d 1160, 10th Cir. 2007 (same); Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006) (same); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005) (same). Indeed, Congress recently expanded the BOP's statutory authority for utilizing CCCs – requiring the BOP to utilize CCCs in some instances – in a law known as the Second Chance Act. 18 U.S.C. § 3624(c) (2008). In promulgating the Second Chance Act, Congress did not amend the section 3621(b) factors. Thus, under current law, if this Court were to recommend that Mr. Arest be incarcerated in a CCC, the BOP would be required to give that recommendation consideration under the criteria set forth in section 3621(b). See Levine, 455 F.3d at 86-87; United States v. Massamillo, No. 07-189, slip op. at 2 (E.D.N.Y. Aug. 29, 2007) (ordering the BOP to consider to court's amended recommendation that the defendant be designated to a CCC rather than the prison camp at Otisville, and noting that "it is the court's understanding that the BOP *must* consider the court's recommendation that the defendant serve his sentence at the Brooklyn CCC") (emphasis added).

In imposing a five month term of imprisonment, Your Honor noted that "a sentence that involves no imprisonment would . . . unfairly dilute the deterrence factor in a tax case." Sentencing Transcript, dated July 18, at 34:23-25 ("Tr."). A sentence served at a CCC *is* a custodial sentence that provides "just punishment" and will "promote respect for the law," and such a recommendation will not disturb the sentence that the Court already has imposed. 18 U.S.C. § 3553. Thus, Your Honor's concern is adequately addressed. Moreover, defendants sentenced directly to CCCs (as opposed to those serving a period of pre-release custody at a CCC following a term in a traditional prison) are "placed in the most restrictive component of the CCC and have limited access to the community." USDOJ-FBOP, Legal Resource Guide to the Federal

**MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P. C.**

Honorable Kenneth M. Karas
August 12, 2008
Page 3 of 4

Bureau of Prisons, p. 9 (2008 ed.).  See also Levine, 455 at 82 n.8 (recognizing that a CCC constitutes a "place of imprisonment" under § 3621(b)); United States v. Ruff, No. 07-30213, 2008 WL 2940535l, at *3 (9th Cir. Aug. 1, 2008) (describing a sentence imposed at a CCC as a "custodial sentence" and a "prison term").  Indeed, such a facility would serve to balance Your Honor's competing concern that, "anything that comes close to even the low end of the range of imprisonment would be an injustice, it would be more than is necessary[.]"  Tr. at 33:18-20.

     Finally, a recommendation that Mr. Arest serve his term of imprisonment at a CCC properly acknowledges the history and characteristics of Mr. Arest's life as a "dedicated family person" whose "long history of dedication to the community, [and] to the many friends he has collected over the years" attest to his character.  Tr. at 29:4-5; 28:9-11.  Incarceration at a CCC could enable Mr. Arest to continue what the Court has recognized as Mr. Arest's "life of community service" because while confined at a CCC, Mr. Arest could perform community service.  As noted at Mr. Arest's sentencing:

> There are numerous stories . . . of people whose children got to know [Mr. Arest] and his wife through their children, people who got to know Mr. Arest because they were neighbors, they were business associates . . . And these stories involve Mr. Arest coming to the assistance of these individuals in times of despair, times of financial crisis, in times of health difficulties, either their own or their family members, fixing pipes, coming to the hospital to the point of being told not to come anymore . . . .  And if we only all could live that kind of life, then we would all be better off, I think is a fair thing to say.

Tr. at 28:9-23.  Given these circumstances, we believe it would be appropriate for Your Honor to recommend that Mr. Arest serve his sentence at the Brooklyn CCC and perform community service for Hour Children while in custody at the CCC.

     Accordingly, for all of the reasons stated above, in our sentencing memorandum and at Mr. Arest's sentencing, we respectfully request that the Court include in the Judgment in this case a recommendation that the BOP designate Mr. Arest to the Brooklyn Community Corrections Center.

**MORVILLO, ABRAMOWITZ, GRAND, IASON, ANELLO & BOHRER, P.C.**

Honorable Kenneth M. Karas
August 12, 2008
Page 4 of 4

Thank you for your consideration of this letter.

        Respectfully submitted,

        *[signature]*

        John J. Tigue, Jr.
        Barbara L. Trencher

cc:    AUSA Perry Carbone

*[Handwritten note:]* The Court will not recommend that the BOP designate Mr. Arest at the Brooklyn Community Correction Center, ~~illegible~~ for the reasons the Court gave for the sentence it imposed, ~~and~~ The BOP is free, of course, to make its own determination as to where to designate Mr. Arest.

So Ordered.

*[signature]*
8/14/08